**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

**KENYATTA CLAY, individually,**
**AND SHENIQUE RAY, individually,**
**AND ON BEHALF OF ALL OTHER**
**SIMILARLY SITUATED CURRENT**
**AND FORMER EMPLOYEES,**
          **Plaintiffs,**

**v.**                                              **Case No.: 5:20-cv-00124**

**SHOWNTAIL THE LEGEND LLC.,**
**CEDRIC JONES, and SARAH X,**

          **Defendants.**
  _____/

**COLLECTIVE ACTION COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

**COMES NOW** PLAINTIFFS Kenyatta Clay, individually, and Shenique

Ray,  individually, and on behalf of all similarly situated former employees, by and

through their undersigned counsel, bring forth this action for damages and other

legal and equitable relief against Defendant Showntail The Legend LLC for

Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et*

*seq.*  ("FLSA"), and against Defendants Cedric Jones and Sarah X individually.

Plaintiffs bring forth the following claims against the Defendant:

**INTRODUCTION**

1

1.

**Plaintiffs** Kenyatta Clay and Shenique Ray bring this collective action on behalf of adult entertainers formerly employed by Defendant Showntail The Legend LLC to recover unpaid wages, unpaid overtime wages, house fees, and for remedies for violations of the Fair Labor Standards Act, including liquidated damages, attorney's fees, interest and court costs.

2.

**Defendant** Showntail The Legend LLC has and continues to mischaracterize adult entertainers at Showntail The Legend LLC as independent contractors and requires that each performer pay for the privilege of working at Showntail The Legend LLC. The adult entertainers are paid no wages, receive no overtime pay and are required to remain at the club during hours in which it is impossible for them to earn gratuities as the club is closed for business.  These requirements are direct violations of the FLSA.

3.

**Plaintiff** Shenique Ray, individually, by and through the undersigned counsel, alleges that the basis of her individual claims against Defendant Showntail The Legend LLC., were: intentional infliction of emotional distress, negligent security, negligent supervision, negligent retention, negligent hiring, and unjust enrichment.

2

4.

Plaintiff Shenique Ray, individually, by and through the undersigned counsel, alleges that the basis of her individual claim against Cedric Jones was: battery.

5.

Plaintiff Shenique Ray, individually, by and through the undersigned counsel, alleges that the basis of her individual claim against Sarah X was: battery.

## JURISDICTION AND VENUE

6.

This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 because this action involves a federal question, specifically 29 U.S .C. § 216(b). This Honorable Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367. An opt-in Collective Action is sought under FLSA216(h).

7.

Venue in the Northern District of Florida is proper pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in the Northern District of Florida.

8.

Venue is also proper in the Northern District of Florida, Panama City division, because a substantial portion of the events at issue in this lawsuit took place in the Northern District of Florida, Panama City division.

## PARTIES

9.

**Plaintiff** Kenyatta Clay is a United States citizen and a resident of Florida. Ms. Clay was employed as an adult entertainer at Showntail The Legend LLC at various times in the 3 years preceding the commencement of this action. While employed by the Defendant, Ms. Clay worked a minimum of thirty (30) hours per week and oftentimes in excess of forty (40) hours per week for which she was never compensated by the Defendant.  Moreover, Ms. Clay was required to share tips with non-tipped employees in violation of the FLSA.  Ms. Clay's consent to join is attached as Exhibit "A."

10.

**Plaintiff** Shenique Ray is a United States citizen and a resident of Florida. Ms. Ray was employed as an adult entertainer at Showntail The Legend LLC at various times in the 3 years preceding the commencement of this action. While employed by the Defendant, Ms. Ray worked a minimum of 30 hours per week and oftentimes in excess of 40 hours per week for which she was never

compensated by the Defendant.  Moreover, Ms. Ray was required to share tips with non-tipped employees in violation of the FLSA. Ms. Ray's consent to join is attached as Exhibit "B."

11.

**Plaintiffs** are informed and believe that Showntail The Legend LLC is a Florida company that owns and operates an adult-themed nightclub and lounge within Florida with its principal address at 8776 Thomas Drive, Suite 7, Panama City Beach, FL 32408. The registered agent for Showntail The Legend LLC. is Ryan Hodges, 12273 US Highway 98 W STE 204, Miramar Beach, FL 32550.

12.

Ryan Hodges is, upon information and belief, a United States citizen and resides in Miramar Beach, Florida.  Mr. Hodges is believed to be integrally involved as a manager in the day-to-day operations of  Showntail The Legend LLC.

13.

Almeasha Whitsett is, upon information and belief, a United States citizen and resides in Panama City Beach, Florida. Ms. Whitsett is believed to be integrally involved as a manager in the day to day operations of Showntail The Legend LLC.

14.

Defendant Cedric Jones is, upon information and belief, a United States citizen and resides in Bay County, Florida. Mr. Jones is believed to be integrally involved as an employee of Showntail The Legend LLC.

15.

Defendant Sarah X is, upon information and belief, a United States citizen and resides in Bay County, Florida. Ms. X is believed to be integrally involved as an employee of Showntail The Legend LLC.

16.

At all relevant times, Defendant Showntail The Legend LLC operated in Florida, including adult-themed nightclub and lounge located within this District, and based thereon, each is or was an "employer" involved in commerce within the meaning of the FLSA, codified at 29 U.S.C. § 201, *et seq*.  In addition, Defendant Showntail The Legend LLC was or is, at all times mentioned herein, an enterprise engaged in commerce or in the production of goods for commerce as defined in Section 3(r) of the Act (29 U.S.C. § 203(r) and 203(s)).

17.

The **Plaintiffs** have met all conditions precedent prior to filing this action.

## FACTS COMMON TO ALL CAUSES OF ACTION

18.

**PLAINTIFFS** Kenyatta Clay and Shenique Ray, were adult entertainers at Showntail The Legend LLC. Plaintiffs were deprived compensation to which they were entitled through the following singular practices, decisions or plans of Defendant:

(a) Requiring adult entertainers to work without compensation;

(b) Requiring adult entertainers to perform work without compensation during times for which they could not receive tips;

(c)  Refusing to compensate adult entertainers one and one half times minimum wage when their total hours worked exceeded 40 hours.

 (d)  Requiring adult entertainers to share tips with non-tipped employees; and

 (e) Requiring adult entertainers to pay fees for the right to work.

19.

At all times in the three years preceding the filing of the instant Complaint, Defendant has employed adult entertainers at Showntail The Legend LLC.

20.

In the three years preceding the filing of the instant Complaint, Defendant has misclassified all adult entertainers at Showntail The Legend LLC as "independent contractors."

21.

In the three years preceding the filing of the instant Complaint, Defendant has not required the adult entertainers to have specialized training, background or education.

22.

Defendant established specific work schedules. Additionally, Defendant dictated the specific times and manner in which the adult entertainers interacted with customers and danced on stage.  All named Plaintiffs were subject to the policies of Defendant outlined in this paragraph.

23.

Defendant required the adult entertainers, including Plaintiffs, to wear specific types of attire while performing, required them to attend unpaid staff meetings, and financed all advertising and licensing related to the business. All named Plaintiffs were subject to the policies of Defendant outlined in this paragraph.

24.

In the three years preceding the filing of the instant Complaint, Defendant required that the adult entertainers, including Plaintiffs, pay a specific amount, often referred to as a "house fee" or "bar fee," to qualify to work any given shift. The "house fee" or "bar fee" varied from shift to shift, ranging from $50.00 to

$500.00 depending on the shift and the event promoted by Defendant.  All named Plaintiffs were subject to the policies of Defendant outlined in this paragraph.

25.

Adult entertainers, including Plaintiffs, were fined for not showing up for a scheduled shift.  Adult entertainers who failed to "call in" prior to a scheduled shift were fined a minimum fee by Defendant.  All named Plaintiffs were subject to the policies of Defendant outlined in this paragraph.

26.

In the three years preceding the filing of the instant Complaint, Defendant required adult entertainers, including Plaintiffs, to pay a specific "Disc Jockey" fee at the instruction of Defendant, particularly Mr. Cedric Jones. The amounts required to be paid by the adult entertainers varied from event to event and night to night.  In addition, Defendant required adult entertainers, including Plaintiffs, to pay the "Disc Jockey" 10% of any "VIP Selection" as a "DJ Stage Fee." All named Plaintiffs were subject to the policies of Defendant outlined in this paragraph.

27.

In the three years preceding the filing of the instant Complaint, Defendant required adult entertainers to pay $50.00 per song at the instruction Defendant. All named Plaintiffs were subject to the policies of Defendant outlined in this paragraph.

28.

In the three years preceding the filing of the instant Complaint, Defendant required adult entertainers to pay security staff $10.00 per each song. This amount reduced the amount each adult entertainer, including Plaintiffs, actually earned.

29.

Defendant required that all single dollar bills earned by the adult entertainers, including Plaintiffs, be returned to the Defendant and exchanged for larger bills.  Adult entertainers were often charged a fee for returning the single bills.

30.

The fees described in paragraphs 20 - 25 constitute illegal tip sharing arrangements with non-tipped employees.  Further, the fees described in paragraphs 25-29 represent illegal kickbacks within the meaning of the FLSA.

31.

Defendant has never paid the adult entertainers, including Plaintiffs, any amount as wages.  The adult entertainers' sole source of work-related income during their employment with the Defendant was gratuities received from paying customers.

32.

Because Defendant did not pay an earned wage to adult entertainers,
Defendant did not pay adult entertainers one and one half times their regular rate of
pay when Plaintiffs exceeded forty hours worked in any given work week.

33.

Defendant knew or should have known that misclassifying Plaintiffs as
"independent contractors" instead of the appropriate employee designation was a
violation of the FLSA.  As a result, Defendant failed to pay the required minimum
wage and failed to pay overtime wages as required by the FLSA.

34.

At all relevant times alleged herein, Defendant's above-mentioned actions,
policies and practices of not paying Plaintiffs and other similarly situated persons
compensation for work performed was in violation of the FLSA. Other current and
former employees of the Defendant's are also entitled to receive unpaid wage
compensation for the reasons alleged in this Complaint. Named Plaintiff is
permitted to maintain this action "for and on behalf of themselves and other
employees similarly situated. "29U.S.C.216(b). Any similarly situated employee
(current or former) wishing to become a party plaintiff to this action must provide
"his consent in writing to become such a party, and such consent must be filed with
this Court .29U.S.C.216(b). Numerous other similarly situated non-exempt
employees may elect to join this collective action if given proper notice of the

pendency of the action and an opportunity to participate by "opting-in." "Consents to Sue" on behalf of additional potential opt-in Plaintiff of the Collective Action will continue to be filed as this litigation progresses.

35.

Plaintiffs are informed and believe, and based thereon allege, that each and every one of the acts and omissions asserted herein was performed by, and/or is attributable to Defendant acting as agents and/or employees, and/or under the direction and control of Defendant, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control, and were committed willfully within the meaning of the FLSA.

36.

As a direct and proximate result of the unlawful actions of Defendant, Plaintiffs and persons similarly situated have suffered, and continue to suffer, from loss of earnings as yet to be ascertained, but subject to proof at trial, in amounts in excess of the minimum jurisdiction of this Court.

## FACTS RELATED TO SHENIQUE RAY'S

## INDIVIDUAL CAUSES OF ACTIONS

37.

On or about September 16, 2018, Defendant Showntail The Legend LLC was the employer of Plaintiff, Shenique Ray, as well as Cedric Jones, Sarah X, Almeasha Whitsett, and Ryan Hodges. On or about September 16, 2018, Cedric Jones, while working on his shift as an employee of Defendant Showntail The Legend LLC, intentionally physically beat Plaintiff Shenique Ray during her's and Mr. Jones' shifts at Defendant Showntail The Legend LLC's premises, hitting her face, neck, back, and several other body parts with direct blows from his fist and or feet and or his other body parts.

38.

On or about September 16, 2018, Sarah X, an employee of Defendant Showntail The Legend LLC's, intentionally physically choked Plaintiff Shenique Ray with her arms and hands during Plaintiff's and Sarah X's shift.

39.

Subsequently, Plaintiff Shenique Ray had to receive medical treatment at a hospital and or medical care facility shortly after the incidents mentioned within paragraphs **37 and 38** of the instant Complaint.

40.

Plaintiff Shenique Ray had previously complained to Defendant Showntail The Legend LLC and its managers Almeasha Whitsett and Ryan Hodges, of the working conditions within the Defendant Showntail The Legend LLC's premises,

including but not limited to the fees and charges which the Defendant Showntail The Legend LLC and its managers Almeasha Whitsett and Ryan Hodges, demanded from Plaintiff Shenique Ray in relation to working for Defendant.

41.

Upon information and belief, Defendant Showntail The Legend LLC hired both Cedric Jones and Sarah X as employees, after Defendant's managers Almeasha Whitsett and Ryan Hodges had approved their hiring.

42.

Defendant Showntail The Legend LLC as an employer either knew, or should have known, that prior to hiring Cedric Jones, Cedric Jones had several violent felony criminal charges, including for battery. Defendant Showntail The Legend LLC as an employer, had the responsibility to perform background checks for potential employees, and had a duty to provide a safe environment for its employees. Defendant Showntail The Legend LLC either was negligent in failing to perform an adequate background check on Cedric Jones, or it was negligent in hiring Cedric Jones despite his felony criminal record. Defendant Showntail The Legend LLC breached this duty by hiring and retaining dangerous employees with felony criminal records. Defendant Showntail The Legend LLC either knew, or should have known, that due to the extensive amount of felony criminal charges,

including violent felony criminal charges, that Cedric Jones was prone to violent outburst.

43.

Despite Cedric Jones' felony criminal record, Defendant Showntail The Legend LLC hired and retained Cedric Jones as an employee. Cedric Jones and Sarah X worked for the Defendant Showntail The Legend LLC, at a minimum, for several months, up to and including September 16, 2018.

44.

Prior to September 16, 2018, both Sarah X and Cedric Jones had threatened Plaintiff Shenique Ray with physical violence. Defendant Showntail The Legend LLC, and its managers Almeasha Whitsett and Ryan Hodges, as well as its security staff, were aware of this fact, by both being informed by several employees, including Plaintiff Shenique Ray, and by witnessing Sarah X and Cedric Jones make these threats against Plaintiff Shenique Ray. The Plaintiff Shenique Ray was unaware of any disciplinary and or preventative actions taken as a result of the threats of physical injuries made by Sarah X and Cedric Jones against Plaintiff Shenique Ray.

45.

Almeasha Whitsett was aware that Cedric Jones and Sarah X were physically abusing Plaintiff Shenique Ray on September 16, 2018, and took no

actions to stop her from being physically assaulted, including not having security stop the physical beating, and not attempting to break up the physical attack upon the Plaintiff Shenique Ray.

46.

As a direct and proximate result of the previously-mentioned September 16, 2018, incident Plaintiff Shenique Ray suffered bodily injury and resulting pain and suffering, disability, disfigurement, scarring, mental anguish, expenses of medical care and treatment, loss of the ability to earn money, and loss of capacity for the enjoyment of life. Shenique Ray's injuries and losses include injuries and losses that are permanent within a reasonable degree of medical probability, are continuing in nature, and will cause Plaintiff to suffer further losses in the future.

**COLLECTIVE ACTION ALLEGATIONS AGAINST**

**DEFENDANT SHOWNTAIL THE LEGEND LLC**

47.

As alleged herein, Defendant is liable under the FLSA for willfully failing to properly compensate Plaintiffs and all other similarly situated current and former adult entertainers employed by Defendant during the year prior to commencement of this action, and as such, notice should be sent to past and present adult

entertainers employed by Defendant during the year prior to initiation of this action, pursuant to 29 U.S.C. § 216(b).

48.

As alleged herein, Defendant deprived Plaintiffs and other similarly situated adult entertainers of compensation to which they are entitled through the following singular practices, decisions or plans:

(a) Requiring adult entertainers to work without compensation;

(b) Requiring adult entertainers to perform work during times for which they could not receive tips without compensation;

(c)  Refusing to compensate adult entertainers one and one half times minimum wage when their total hours worked exceeded 40 hours;

 (d)  Requiring adult entertainers to share tips with non-tipped employees; and

 (e) Requiring adult entertainers to pay fees for the right to work.

49.

Based thereon, Defendant has repeatedly and intentionally engaged in a similar practice, commonly and typically applied to the class of adult entertainers, of improperly depriving compensation to which such adult entertainers are entitled under the FLSA.

50.

Questions that are common among the FLSA Collective Action members include, but are not limited to:

(a) whether Defendant has and continues to unlawfully refuse to pay adult entertainers proper compensation, in violation of the FLSA, 29 U.S.C. § 201, et seq., for all work performed;

(b) whether Defendant has and continues to unlawfully refuse to pay adult entertainers proper overtime compensation, in violation of the FLSA, 29 U.S.C. § 201, et seq., through the aforementioned policies and practices; and

(c) whether Defendant's failure to pay such proper compensation is willful within the meaning of the FLSA.

51.

There are numerous similarly situated current and former adult entertainers employed by Defendant in venues owned and/or operated by Defendant Showntail The Legend LLC who have been subject to the same policies and practices alleged herein, in violation of the FLSA, and who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit.  Those similarly situated employees are known to Defendant, and are readily identifiable by Defendant's records.

52.

Each of the Plaintiffs, identified in Paragraph 1, consented to sue in this action pursuant to 29 U.S.C. § 216(b).  Additional potential collective action members may execute and file forms consenting to opt-in to join as a plaintiff in the instant action.

### 53.

Plaintiffs, on behalf of themselves and other similarly situated current and former employees, bring this collective action against Defendant under the FLSA, 29 U.S.C. § 201, et seq. for failure to pay minimum wage and overtime compensation.

### 54.

Plaintiffs and others similarly situated (the "FLSA Collective"), are individuals who are current and former adult entertainer employees of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

## CAUSES OF ACTION

## COUNT ONE

## DEFENDANT SHOWNTAIL THE LEGEND LLC'S FAILURE TO PAY WAGES IN VIOLATION OF THE MINIMUM WAGE PROVISION OF FLSA

55.

Paragraphs **1-36 and 47-54** are incorporated by reference as if fully set forth

herein.

56.

This claim arises from Defendant's willful violation of the FLSA for failure

to pay a minimum wage to Plaintiffs and the FLSA Collective.

57.

At all times relevant, Defendant Showntail The Legend LLC has been, and

continues to be, an "employer" engaged in interstate commerce and/or the

production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §

201, et seq.  At all times relevant, the Defendant has employed and continue to

employ adult entertainers, including named Plaintiffs and members of the FLSA

Collective, who engage or engaged in commerce or in the production of goods for

commerce. At all times relevant, upon information and belief, the Defendant has

had annual gross sales or done business in excess of $500,000.00.

58.

The minimum wage provisions of the FLSA apply to Defendant and protect

Plaintiffs and the FLSA Collective. Defendant was required to compensate all

adult entertainers for all work performed as non-exempt employees.

59.

Pursuant to the FLSA, 29 U.S.C. § 206, Plaintiffs and the FLSA Collective were entitled to be compensated at a rate of $7.25 per hour.

60.

Defendant was not allowed to avail itself of the federal tipped minimum wage rate under the FLSA because Defendant provided no notice to adult entertainers of its intention to take a tip credit and because Plaintiffs were required by Defendant to pool tips with non tipped employees, specifically members of the management staff of Showntail The Legend LLC.

61.

Defendant Showntail The Legend LLC, pursuant to its policies and practices, refused and failed to pay a minimum wage to Plaintiffs and the FLSA Collective.

62.

Such acts were committed knowingly and willfully, within the meaning of 29 U.S.C. § 255(a), with a conscious disregard for the rights of the Plaintiffs and persons similarly situated under federal wage and hour laws, by which such acts have deprived the Plaintiffs and persons similarly situated of their property and legal rights.

63.

As a result of the aforementioned violations, Plaintiffs and potential collective action members have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and have incurred expenses and attorney's fees in seeking to compel Defendant to fully perform its obligations under the law, all to their respective damage in amounts according to proof at the time of trial, but in excess of the minimum jurisdiction of this Court.

64.

Pursuant to the FLSA, 29 U.S.C. § 201, et seq., and including, 29 U.S.C. § 216(b), Plaintiffs are legally entitled to recover unpaid wages at their regular rate, plus interest, liquidated damages, attorney's fees, and costs of suit.

## COUNT TWO

## DEFENDANT SHOWNTAIL THE LEGEND LLC'S FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA, 29 U.S.C. § 201, ET SEQ.

65.

Paragraphs **1-36 and 47 -54** are incorporated by reference as if fully set forth herein.

66.

22

Pursuant to the FLSA, 29 U.S.C. § 201, et seq., Defendant is and/or was required to compensate all non-exempt employees for all overtime work performed at a rate of pay not less than one and one half the regular rate of pay for work performed in excess of 40 hours in a work week.

67.

Defendant Showntail The Legend LLC, pursuant to its policies and practices, refused and failed to pay any wage at all to Plaintiffs and the FLSA Collective, including failing to pay a rate of not less than one and one half the regular rate of pay when Plaintiffs and the FLSA Collective worked in excess of 40 hours in a work week.

68.

Such acts were committed knowingly and willfully, within the meaning of 29 U.S.C. § 255(a), and with a conscious disregard of the rights of the Plaintiffs and persons similarly situated under federal wage and hour laws, and such acts have deprived Plaintiffs and persons similarly situated of their property and legal rights.

69.

As a result of the aforementioned violations, Plaintiffs and potential collective action members have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and

have incurred expenses and attorney's fees in seeking to compel Defendant to fully perform its obligations under the law, all to their respective damage in amounts according to proof at the time of trial, but in excess of the minimum jurisdiction of this Court.

70.

Pursuant to the FLSA, 29 U.S.C. § 201, et seq., and including, 29 U.S.C. § 216(b), Plaintiffs are legally entitled to recover unpaid balances of overtime compensation, plus interest, liquidated damages, attorney's fees, and costs of suit.

**WHEREFORE**, Plaintiffs pray judgment against Defendant as set forth herein below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and all others similarly situated, pray for judgment against Defendant as follows:

a.  Issuance of notice pursuant to 29 U.S.C. § 216(b) as soon as possible to all adult entertainers who worked for Defendant during any portion of the three years immediately preceding the filing of the instant Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt-in to this lawsuit;

b.  Judgment against Defendant for an amount equal to Plaintiffs' unpaid back wages, overtime pay and unlawful kickbacks;

c. Judgment against Defendant as its violations of the various provisions of FLSA was willful;

d. An amount equal to the unpaid wages and kickback damages as liquidated damages;

e. An award of prejudgment interest;

f. All costs and attorney's fees incurred in prosecuting these claims per F.S.§448.08;

g. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court.

## COUNT THREE

## BATTERY OF SHENIQUE RAY BY CEDRIC JONES

71.

Paragraphs **1 through 17 and 37 through 46** are incorporated by reference as if fully set forth herein.

72.

On or about September 16, 2018, Cedric Jones, an employee of the Defendant Showntail The Legend LLC, intentionally caused harmful or offensive contact to Shenique Ray by physically hitting her face, neck, back, and several

other body parts with direct blows from his fist and or feet and or his other body parts.

73.

As a direct and proximate result of Cedric Jones' intentional acts, Plaintiff Shenique Ray suffered bodily injury and resulting pain and suffering, disability, disfigurement, scarring, mental anguish, expenses of medical care and treatment, loss of the ability to earn money, and loss of capacity for the enjoyment of life. Shenique Ray's injuries and losses include injuries and losses that are permanent within a reasonable degree of medical probability, are continuing in nature, and will cause Plaintiff to suffer further losses in the future.

**WHEREFORE**, Plaintiff, Shenique Ray, demands judgment against Defendant,  Cedric Jones, for damages, for past, present, and future medical expenses, pain and suffering, lost income, impairment for earning capacity, costs, and such other relief as the court deems appropriate, and request trial by jury as to all triable issues.

**COUNT FOUR**

**BATTERY OF SHENIQUE RAY BY SARAH X**

74.

Paragraphs **1 through 17 and 37 through 46** are incorporated by reference as if fully set forth herein.

26

75.

On or about September 16, 2018, Sarah X intentionally caused harmful or offensive contact to Shenique Ray by physically choking her.

76.

As a direct and proximate result of Sarah X's intentional acts, Plaintiff Shenique Ray suffered bodily injury and resulting pain and suffering, disability, disfigurement, scarring, mental anguish, expenses of medical care and treatment, loss of the ability to earn money, and loss of capacity for the enjoyment of life. Plaintiff Shenique Ray's injuries and losses include injuries and losses that are permanent within a reasonable degree of medical probability, are continuing in nature, and will cause Plaintiff to suffer further losses in the future.

**WHEREFORE**, Plaintiff, Shenique Ray, demands judgment against Defendant,  Sarah X, for damages, for past, present, and future medical expenses, pain and suffering, lost income, impairment for earning capacity, costs, and such other relief as the court deems appropriate, and request trial by jury as to all triable issues.

## COUNT FIVE

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANT SHOWNTAIL THE LEGEND LLC

77.

Paragraphs **1 through 17 and 37 through 46** are incorporated by reference as if fully set forth herein.

78.

Defendant, by and through its managers Almeasha Whitsett and Ryan Hodges, intentionally permitted Cedric Jones and Sarah X to physically batter Plaintiff Shenique Ray, and failed to attempt to stop the physical beating of Shenique Ray. This was done by Defendant in part due to the Plaintiff complaining about the fees and money which the Defendant charged the Plaintiff previously mentioned within paragraphs 20 through 27 of the instant Complaint.

79.

Defendant's conduct was also intentional and reckless, in that it had previous knowledge of the physical threats which Cedric Jones and Sarah X had made against Plaintiff, yet Defendant permitted Cedric Jones and Sarah X to work within close proximity to the Plaintiff while alternate work schedules were available, and also Defendant either knew, or should have known, that Cedric Jones had a propensity to commit violent physical battery upon persons who he had previously threatened.

80.

Defendant's conduct was so outrageous in character and  so extreme in degree that it went beyond all possible bounds of decency and was regarded as atrocious and utterly intolerable in a civilized society, in that through its managers Almeasha Whitsett and Ryan Hodges permitted the physical beating of Plaintiff Shenique Ray without attempting to break up the physical battery, while it was aware that the beating was occurring.

81.

As a direct and proximate result of Defendant's conduct, Cedric Jones and Sarah X were permitted to repeatedly physically batter Plaintiff Shenique Ray, which caused emotional distress to her.

82.

Plaintiff Shenique Ray suffered severe emotional distress as a result of her physical beating.

**WHEREFORE**, Plaintiff, Shenique Ray, demands judgment against Defendant,  Showntail The Legend LLC, for damages, for past, present, and future medical expenses, pain and suffering, lost income, impairment for earning capacity, costs, and such other relief as the court deems appropriate, and request trial by jury as to all triable issues.

## COUNT SIX

## NEGLIGENT SECURITY BY SHOWNTAIL THE LEGEND LLC

83.

Paragraphs **1 through 17 and 37 through 46** are incorporated by reference as if fully set forth herein.

84.

Defendant Showntail The Legend LLC, which employed security guards on or about September 16, 2018, owed a duty to its employee, Shenique Ray, to protect her from being physically injured and or battered.

85.

Defendant Showntail The Legend LLC breached this duty by permitting Cedric Jones and Sarah X to physically batter and injure Plaintiff Shenique Ray.

86.

Defendant Showntail The Legend LLC's breach was the proximate cause of injury or damage to Plaintiff Shenique Ray.

87.

Shenique Ray suffered damages caused by the breach.

**WHEREFORE**, Plaintiff, Shenique Ray, demands judgment against Defendant,  Showntail The Legend LLC, for damages, for past, present, and future medical expenses, pain and suffering, lost income, impairment for earning capacity, costs, and such other relief as the court deems appropriate, and request trial by jury as to all triable issues.

## COUNT SEVEN

## NEGLIGENT SUPERVISION BY SHOWNTAIL THE LEGEND LLC

88.

Paragraphs **1 through 17 and 37 through 46** are incorporated by reference as if fully set forth herein.

89.

The defendant Showntail The Legend LLC became aware, or should have become aware, of problems with employees that indicates their unfitness as safe and non-violent employees, including Cedric Jones and Sarah X.

90.

The defendant Showntail The Legend LLC owed a duty to Shenique Ray to protect her from being physically injured or damaged while working.

91.

The defendant Showntail The Legend LLC breached its duty by failing to take further action, such as investigating, discharging, or reassigning Cedric Jones and Sarah X.

92.

Defendant's breach was the proximate cause of injury or damage to Shenique Ray.

93.

Shenique Ray suffered damages as a result of the breach.

**WHEREFORE**, Plaintiff, Shenique Ray, demands judgment against

Defendant,  Showntail The Legend LLC, for damages, for past, present, and future

medical expenses, pain and suffering, lost income, impairment for earning

capacity, costs, and such other relief as the court deems appropriate, and request

trial by jury as to all triable issues.

## COUNT EIGHT

## NEGLIGENT RETENTION

94.

Paragraphs **1 through 17 and 37 through 46** are incorporated by reference

as if fully set forth herein.

95.

The Defendant Showntail The Legend LLC was aware, or should have

become aware, of problems with Cedric Jones, an employee, which indicated his

unfitness as an employee and that he was prone to both committing and threatening

to commit acts of violence, against individuals and coworkers.

96.

The Defendant Showntail The Legend LLC was aware, or should have become aware, of problems with Sarah X, an employee, which indicated her unfitness as an employee and that she was prone to both committing and threatening to commit acts of violence, against individuals and coworkers.

97.

Several employees, including Plaintiff Shenique Ray, informed Defendant Showntail The Legend LLC, and its managers Almeasha Whitsett, and Ryan Hodges, that both Cedric Jones and Sarah X had previously threatened to commit violent acts against her and other employees, and also that Cedric Jones had a violent criminal background, including battery.

98.

The Defendant Showntail The Legend LLC owed a duty to Plaintiff Shenique Ray to protect her, as its employee, from being physically injured or damaged from battery while working during her shift at Defendant Showntail The Legend LLC, and to provide its employees with reasonably safe instrumentalities and places to work.

99.

The Defendant Showntail The Legend LLC breached its duty by failing to take further and or corrective actions, such as investigating, discharging, or reassigning Cedric Jones and Sarah X. Multiple shifts were available, and both

Cedric Jones and Sarah X, or even Plaintiff Shenique Ray could have been placed on different shifts. The Defendant Showntail The Legend LLC failed to do so.

100.

The Defendant Showntail The Legend LLC's breach was the proximate cause of injury or damage to Plaintiff Shenique Ray.

101.

Plaintiff Shenique Ray suffered damages as a direct and proximate result of the Defendant Showntail The Legend LLC's breach.

102.

After the Defendant Showntail The Legend LLC received either actual or constructive knowledge of problems with Cedric Jones and Sarah X, and their unfitness for employment as employees, it was unreasonable for it not to investigate, discharge, or reassign Cedric Jones and Sarah X. There were multiple shifts available for both employees, or even the Plaintiff Shenique Ray, to work.

**WHEREFORE**, Plaintiff, Shenique Ray, demands judgment against Defendant,  Showntail The Legend LLC, for damages, for past, present, and future medical expenses, pain and suffering, lost income, impairment for earning capacity, costs, and such other relief as the court deems appropriate, and request trial by jury as to all triable issues.

## COUNT NINE

## NEGLIGENT HIRING

103.

Paragraphs **1 through 17 and 37 through 46** are incorporated by reference as if fully set forth herein.

104.

The Defendant Showntail The Legend LLC hired Cedric Jones as an employee.

105.

The Defendant Showntail The Legend LLC either knew, or should have known, that Cedric Jones had a substantial violent criminal record, which included battery. As an employer, Showntail The Legend LLC had a duty to use reasonable care to verify Cedric Jones' fitness for duty and to protect its employees and clients from foreseeable injuries caused by its employees, by perform background checks, which included but was not limited to performing: criminal records investigation, reference checks, and contacting former employers.

106.

The Defendant Showntail The Legend LLC either knew or should have known that Cedric Jones was unfit to work for the Defendant Showntail The

Legend LLC because of his propensity to commit violent acts, including assault and batteries, upon individuals and coworkers.

107.

The Defendant Showntail The Legend LLC either knew or should have known, or had actual or constructive notice that Cedric Jones was acting or in all probability would act in a manner dangerous to others, including individuals and coworkers. After considering the information in reference to Cedric Jones' background, the Defendant Showntail The Legend LLC either knew or should have known that it was unreasonable to hire Cedric Jones.

108.

The Defendant Showntail The Legend LLC had the ability to control Cedric Jones, its employee, to the extent that it could substantially reduce the probability of harm to others, including individuals and employees.

109.

It was reasonably foreseeable that Cedric Jones would batter a co-worker and or customer while employed by Defendant Showntail The Legend LLC, since he had a substantial criminal record which included committing violent criminal acts, mainly battery, against individuals.

110.

Plaintiff Shenique Ray was in fact injured by an act of Cedric Jones which could have reasonably been anticipated by the Defendant Showntail The Legend LLC and which, by exercising due diligence and authority over Cedric Jones, the Defendant Showntail The Legend LLC might reasonably have prevented.

111.

Both the Plaintiff Shenique Ray, and Cedric Jones, had a right to be at the Defendant Showntail The Legend LLC's place of business, because they were employees.

112.

As a direct consequence of their employment, Plaintiff Shenique Ray met and came into contact with Cedric Jones.

113.

The Defendant Showntail The Legend LLC received some benefit from the meeting of the Plaintiff Shenique Ray and Cedric Jones, due to them performing services as employees for The Defendant Showntail The Legend LLC, had the assault, and also the battery, had not occurred.

**WHEREFORE**, Plaintiff, Shenique Ray, demands judgment against Defendant,  Showntail The Legend LLC, for damages, for past, present, and future medical expenses, pain and suffering, lost income, impairment for earning

capacity, costs, and such other relief as the court deems appropriate, and request trial by jury as to all triable issues.

## **COUNT TEN**

## **UNJUST ENRICHMENT**

### 114.

Paragraphs **1-36 and 47-54** are incorporated by reference as if fully set forth herein.

### 115.

Plaintiff Shenique Ray has conferred a benefit on Defendant Showntail The Legend LLC, who had knowledge thereof.

### 116.

Defendant Showntail The Legend LLC voluntarily accepts and retains the benefit conferred.

### 117.

The circumstances render the defendant Showntail The Legend LLC's retention of the benefit inequitable unless the defendant pays to the plaintiff the value of the benefit.

**WHEREFORE**, Plaintiff, Shenique Ray, demands judgment against Defendant,  Showntail The Legend LLC, for damages, for pain and suffering, lost income, impairment for earning capacity, costs, and such other relief as the court deems appropriate, and request trial by jury as to all triable issues.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiffs, on behalf of themselves and others similarly situated, demand a trial by jury.

**I HEREBY CERTIFY** that the foregoing Complaint is less than 8,000 words, is double-spaced, is 14-point type and is Times New Roman Font.

**DATED** April 22, 2020.