## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

KENYATTA CLAY and
SHENIQUE RAY, Individually,

     Plaintiffs,

v.

SHOWNTAIL THE LEGEND LLC.,

     Defendant.

Case No. 5:20-cv-00124- MW-MJF

## JOINT CASE MANAGEMENT REPORT

The parties conferred on December 8, 2020 and Defendant provided Plaintiffs with proposed dates. Plaintiffs did not object to the proposed dates, or respond with alternate dates by 4:00 PM/CT on the deadline ordered by this Court, and therefore, Defendant files this unilateral report and discovery plan pursuant to Fed. R. Civ. P. 26(f) and N.D. Fla. Local Rules:

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed. R. Civ. P. 26(a)(1)**<br><br>[Court recommends 30 days after CMR meeting] | **Immediately if not already sent.** |

| | |
|---|---|
| **Certificate of Interested Persons and Corporate Disclosure Statement**<br><br>[each party who has not previously filed must file immediately] | **Immediately if not completed.** |
| **Motions to Add Parties or to Amend Pleadings**<br>[Court recommends 1 - 2 months after CMR meeting] | **October 9, 2020** |
| **Disclosure of Expert Reports**<br>Plaintiff:<br>Defendant:<br>[Court recommends last exchange 6 months before trial and 1 - 2 months before discovery deadline to allow expert depositions] | **November 4, 2020**<br>**December 4, 2020** |
| **Discovery Deadline**<br>[Court recommends 5 months before trial to allow time for dispositive motions to be filed and decided; all discovery | **January 25, 2021** |

| must be commenced in time to be completed before this date] | |
|---|---|
| | |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Dispositive Motions, *Daubert,* and *Markman* Motions** [Court requires 4 months or more before trial term begins] | **February 15, 2021** |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement** [14 days before Joint Final Pretrial Statement] | **April 13, 2021** |
| **Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form [a Word version must be e-mailed to the Chambers mailbox, unless excused by the Court] Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)** [Court recommends 3 weeks before Final Pretrial Conference and no later than 7 days before the Final Pretrial Conference] | **April 27, 2021** |

| | |
|---|---|
| **All Other Motions Including Motions *In Limine*, Trial Briefs**<br><br>[Court recommends 3 weeks before Final Pretrial Conference] | **May 4, 2021** |
| **Final Pretrial Conference**<br><br>[Court will set a date that is approximately 3 weeks before trial] | **May 15, 2021** |
| **Trial Term Begins**<br><br>[Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term ***must not*** be less than 4 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first business day of the first full week of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | **June 15, 2021** |
| | |

| | |
|---|---|
| **Estimated Length of Trial** [trial days] | **3 days** |
| **Jury / Non-Jury** | **Jury** |
| **Mediation**<br><br>  Deadline:<br><br><br>  Mediator:  TBD<br><br>  Address: TBD<br><br>  Telephone: TBD<br><br><br>[Absent   arbitration,   mediation   is   *mandatory*;   Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline] | **March 15, 2021** |
| **All Parties Consent to Proceed Before Magistrate Judge** | Yes_____<br><br>No **X**____ |

## I.      Meeting of Parties in Person

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise.  Counsel will meet in the Northern District of Florida, unless counsels agree on a different location.  Pursuant to N.D. Fla. Local Rule 16.1[1] a meeting(s) was held by telephone on:

December 7, 2020, and was attended by:

| Name | Counsel for (if applicable) |
|------|------------------------------|
| **LaDray Gilbert, Esq.** | **Plaintiff(s)** |
| **Daniel Rosenheim, Esq.** | **Defendant** |

## II.     Preliminary Pretrial Conference

Local Rule 16.1 provides that preliminary pretrial conferences are **mandatory in Track Three cases.**

**Track Two cases:** The Court holds a preliminary pretrial conference in most civil cases after the case management report is filed.  The purpose of the preliminary pretrial conference is to set dates that will govern the case, for the Court to inform counsel of its practices and procedures, and to discuss any unique issues anticipated by counsel.

---

[1] A copy of the Local Rules may be viewed at
http://www.flnd.uscourts.gov.

Unresolved issues to be addressed at such a conference include: _____N/A_____

## III.    Pre-Discovery Initial Disclosures of Core Information

### Fed. R. Civ. P. 26(a)(1)(C) - (D) Disclosures

Fed. R. Civ. P. 26, as amended, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the court (the amendment(s) to Rule 26 supersede(s) N.D. Fla. Rule 16.1, to the extent that Rule 16.1 opts out of the mandatory discovery requirements):

The parties _____ have exchanged __X__ agree to exchange (check one) information described in Fed. R. Civ. P. 26(a)(1)(C)-(D)

_____on ___**X**__by (check one) <u>Immediately if not already sent</u>.

Below is a description of information disclosed or scheduled for disclosure, including electronically stored information as further discussed in Section IV below.

## IV.    Electronic Discovery

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section III above, and agree that (check one):

_____ No party anticipates the disclosure or discovery of ESI in this case;

**X** One or more of the parties anticipate the disclosure or discovery of ESI in this case. If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[2]

A.      The form or forms in which ESI should be produced.  **The parties agree to produce all ESI in paper form including, but not limited to, Portable Document Format (PDF).  If a party seeks any particular document produced in paper form in native format with metadata, the parties will discuss producing those specific documents electronically with metadata, if available.**

B.      Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought. **Plaintiff proposes that ESI, if any, will pertain to any and all documents regarding the claims or defenses raised in Plaintiff's Complaint or Defendant's Answer.  Defendant reserves all objections to any request by Plaintiff for ESI.**

C.      Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata. **Plaintiff(s) state that metadata will only be**

---

[2] See Generally: *Rules Advisory Committee Notes* to the 2006 Amendments to Rule 26(f) and Rule 16.

**sought for ESI the parties agree to produce in native format, including but not limited to descriptive metadata (title, abstract, author, and agreed keywords), structural metadata, and administrative metadata (create date, file type, access rights, and preservation metadata).  Defendant reserves all objections to any request by Plaintiff(s) for ESI and/or metadata.**

D.     The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.  **Defendant may seek to search the email, computers, tablets and cell phones of Plaintiff(s). Plaintiff(s) believe this is excessive and will argue proportionality. Plaintiff(s) seeks to search all computer network systems, email programs, handheld devices or computers, hard drives of the devices or computers used by the Defendant. Defendant believes this is excessive and reserves all objections to any such request.**

E.     The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

F.     Any issues relating to preservation of discoverable ESI.

G.     Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report. The parties should attempt to agree on protocols that minimize the risk of waiver. Any protective order shall comply with Local Rule 1.09 and Section V.F. below on Confidentiality Agreements. **No protective order is requested at this time.  The parties agree that should any such issues of privilege or protection present themselves during the course of discovery, the parties will make every attempt to reach a resolution and if they are unable to do so, they will immediately apply to the Court for a hearing to assist in resolving the issue at hand.**

H.     Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues. **At this time, the parties do not anticipate the discovery of ESI should be so cumbersome as to require it to be conducted in phases, but will immediately alert the Court should any problems or disagreements between the parties arise in this regard.**

Please state if there are any areas of disagreement on these issues and, if so, summarize          the          parties'          positions          on          each:

_____     N/A     _____

_____

_____

If there are disputed issues specified above, or elsewhere in this report, then (check one):

_____ one or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

 If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed. R. Civ. P.

  **X**   all parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

**V.     Agreed Discovery Plan for Plaintiffs and Defendants**

> A. **Certificate of Interested Persons and Corporate Disclosure Statement**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form.  No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.  A motion, memorandum, response, or

other paper - including emergency motion - is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement.  Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, or shall do so immediately:

Defendant filed the required certificate and disclosure on August 21, 2020.

Plaintiffs have not filed the required certificate and disclosure as of December 11, 2020.


B.    **Discovery Not Filed**

The parties shall not file discovery materials with the Clerk except as provided in Fed. R. Civ. P. 5(d).  The Court encourages the exchange of discovery requests electronically.  <u>See</u> Fed. R. Civ. P. 5(d).  The parties further agree as follows:

_____N/A_____

_____

_____

C.   **Limits on Discovery**

Absent leave of Court, the parties may take no more than ten (10) depositions per side (not per party).  Fed. R. Civ. P. 30(a)(2)(A); Fed. R. Civ. P. 31(a)(2)(A).  Absent leave of Court, the parties may serve no more than twenty-five (25) interrogatories, including sub-parts, per party.  Fed. R .Civ. P. 33(a).  Absent leave of Court, requests for admission shall be limited to no more than thirty (30) per party.  The parties may agree by stipulation on other limits on discovery.  The Court will consider the parties agreed dates, deadlines, and other limits in entering the scheduling order.  Fed. R. Civ .P. 29.  In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

1.   Depositions

2.   Interrogatories

3.   Document Requests

4.   Requests to Admit

5.   Supplementation of Discovery

D.   **Discovery Deadline**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline.  The Court may deny as untimely all motions to compel filed after the discovery deadline.  In addition, the parties agree

as follows: <u>Plaintiffs have outstanding discovery due to Defendant on December 4,</u>

<u>2020.</u>

      E.      **Disclosure of Expert Testimony**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed. R. Civ. P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order.  Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.  The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

_____N/A_____

_____

      F.      **Confidentiality Agreements**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential.  The Court is a public forum, and disfavors motions to file under seal.  The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need.  <u>See</u> <u>Brown v.</u> <u>Advantage Engineering, Inc.</u>, 960 F.2d 1013 (11th Cir. 1992); <u>Wilson v. American Motors Corp.</u>, 759 F.2d 1568 (11th Cir. 1985).  A party seeking to file a document under seal must file a motion

to file under seal requesting such Court action, together with a memorandum of law in support.  (See M.D. Fla. R. 1.09).  The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as confidential. There is no need for the Court to endorse the confidentiality agreement.  The Court discourages unnecessary stipulated motions for a protective order.  The Court will enforce appropriate stipulated and signed confidentiality agreements.  Each confidentiality agreement or order shall provide, or shall be deemed to provide, that any party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need.  With respect to confidentiality agreements, the parties agree as follows:_____**N/A**_____

_____

_____

### G.    **Electronically Stored Information and Claims of Privilege**

Pursuant to Fed. R. Civ. P. 16, the parties have made the following agreements regarding the disclosure and discovery of electronically stored information as well as the assertion of claims of privilege or protection of trial preparation materials after production:_____**N/A**_____

_____

_____

_____

   H. **Other Matters Regarding Discovery**: <u>Plaintiffs has outstanding</u>

<u>discovery due to Defendant on December 4, 2020.</u>

**VI.** **Settlement and Alternative Dispute Resolution**

  A. **Settlement**

The parties agree that settlement is_____ likely___**X**___**unlikely** (check one)

  The parties request a settlement conference before a United States Magistrate

Judge: _____ yes __**X**___ no _____ likely to request in future.

  B. **Arbitration**

  Does this case fall within the Rule automatically referring this civil case to

arbitration? _____ yes __**X**_____no

  In any civil case subject to arbitration, the Court may substitute mediation for

arbitration upon a determination that the case is susceptible to resolution through

mediation. The parties agree that this case is susceptible to resolution through

mediation, and therefore jointly request mediation in place of arbitration:

__**X**__ yes _____ no _____ likely to agree in future

C.    **Mediation**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in the Court's Local Rules. The parties have not agreed on a mediator, but will select from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation.

D. **Other Alternative Dispute Resolution**

The parties intend to pursue the following other methods of alternative dispute resolution:_____**N/A**_____

Date: December 11, 2020

Respectfully submitted this 11th day of December, 2020.

_____
LaDray B. Gilbert, Esq.
Florida Bar No. 67929
The Gilbert Firm, P.A.
3026 Auction Drive
Marianna, Florida 32448
Tel: 850-482-2223
Fax: 850-482-2111
E-mail: ladray.gilbert@gfirmlaw.com
*Trial Counsel for Plaintiffs*

/s/ *Daniel Rosenheim, Esq.*_____
John W. Roberts, Esq.
Florida Bar No. 0108570
john@johnwrobertslaw.com
Daniel Rosenheim, Esq.
Florida Bar No. 124829
daniel@johnwrobertslaw.com
12273 US Highway 98 West, Ste. 204
Miramar Beach, Florida 32550
Tel: (850) 250-0887
Fax: (850) 250-2612
*Trial Counsel for Defendant, Showntail The Legend, LLC*